(Judge Winch of the 8th circuit sitting in place of Judge Swing.)

*PEARL R. LAMKIN v. JOHN F. ROBINSON.

Daughters Having Confirmed Father's Use of Dividends of Their Inherited Stock Cannot Rescind Written Agreement During Such Power.

A written agreement by daughters, authorizing their father, who was their guardian and holding stocks inherited by them from their mother, to retain possession thereof and collect and use the dividends as long as he lived, will not be rescinded and judgment given for the dividends, unless upon strong and convincing evidence, especially since the daughters had appeared in probate court and asked to have their father's accounts confirmed and for several years before execution of such agreement permitted him to apply the dividends to his own use.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Healy, Ferris & McAvoy*, for plaintiff in error.

*Stephens, Lincoln & Stephens* and *Charles M. Leslie*, for defendant in error:

Cited and commented upon by the following authorities:—
*Cincinnati* v. *Gas L. & C. Co.* 53 Ohio St. 278 [41 N. E. Rep. 239]; *Kling* v. *Bordner*, 65 Ohio St. 86 [61 N. E. Rep. 148]; *Kinney* v. *Hamilton Co. (Comrs.)* 4 Circ. Dec. 448 (8 R. 433);

---

*Affirmed, no co., Lamkin v. Robinson, 88 O. S. 603.

Hamilton County Circuit.

Meacham, Agency Secs. 242, 243; *Bergen* v. *Bennett,* 1 Cai. Cas.. (N. Y.) 1 [2 Am. Dec. 281]; *Knapp* v. *Alvord,* 10 Paige (N.. Y.) 205 [40 Am. Dec. 241]; *Loring* v. *Marsh,* 73 U. S. (6 Wall.) 337 [18 L. Ed. 802]; *Brandreth, In re,* 169 N. Y. 437 [62 N. E. Rep. 563; 58 L. R. A. 148]; *Mills* v. *Davison,* 54 N. J. Eq. 659 [35 Atl. Rep. 1073; 35 L. R. A. 113; 55 Am. St. Rep. 594]; *Wright* v. *Wilkin,* 2 B. & S. 232; *Ashuelot Nat. Bank* v. *Keene,* 74 N. H. 148 [65 Atl. Rep. 826; 9 L. R. A. (N. S.) 758]; *Barry* v. *Lambert,* 98 N. Y. 300 [50 Am. Rep. 677]; *Locke* v. *Loan & Tr. Co.* 140 N. Y. 135 [35 N. E. Rep. 578]; *Carpenter* v. *Soule,* 88 N. Y. 251 [42 Am. Rep. 248]; *Cooper* v. *Burr,* 45 Barb. (N. Y.) 7; *Beaumont* v. *Beaumont,* 152 Fed. Rep. 55 [81 C. C. A. 251]; Thornton, Gifts Sec. 139; *Miller* v. *Neff,* 33 W. Va. 197 [10 S. E. Rep. 378; 6 L. R. A. 515]; *Wing* v. *Merchant,* 57 Me. 383; *Allen* v. *Cowan,* 23 N. Y. 502 [80 Am. Dec. 316]; *Porter* v. *Gardner,* 60 Hun. 571 [15 N. Y. Supp. 398]; *Providence Institution for Sav.* v. *Taft,* 14 R. I. 502; *Cain* v. *Moon,* L. R. 2 Q. B. 283; *Tenbrook* v. *Brown,* 17 Ind. 410; *Commonwealth* v. *Compton,* 137 Pa. St. 138 [20 Atl. Rep. 417]; *First Nat. Bank* v. *Holland,* 99 Va. 495 [39 S. E. Rep. 126; 55 L. R. A. 155; 86 Am. St. Rep. 898]; *Reed* v. *Copeland,* 50 Conn. 472 [47 Am. Rep. 663]; *Gilkinson* v. *Railway,* 47 App. Div. 472 [63 N. Y. Supp. 792]; *Bond* v. *Beam,* 72 N. H. 444 [57 Atl. Rep. 340; 101 Am. St. Rep. 686]; *Polley* v. *Hicks,* 58 Ohio St. 218 [50 N. E. Rep. 809; 41 L. R. A. 858]; *Ridden* v. *Thrall,* 125 N. Y. 572 [26 N. E. Rep. 627; 11 L. R. A. 684; 21 Am. St. Rep. 758]; *Pierce* v. *Bank,* 129 Mass. 425 [37 Am. Rep. 371]; *Watson* v. *Watson,* 69 Vt. 243 [39 Atl. Rep. 201]; *Larrabee* v. *Hascall,* 88 Me. 511 [34 Atl. Rep. 408; 51 Am. St. Rep. 440]; *Grover* v. *Grover,* 41 Mass. (24 Pick.) 261; *Hopkins* v. *Manchester,* 16 R. I. 663 [19 Atl. Rep. 243; 7 L. R. A. 387]; Madeira's Appeal, (Pa.) 4 Atl. Rep. 908; *Basket* v. *Hassell,* 107 U. S. 601 [27 L. Ed. 500]; 2 Pomeroy, Eq. Jurisp. Sec. 997; *Flanders* v. *Blandy,* 45 Ohio St. 108 [12 N. E. Rep. 321]; *Young* v. *Young,* 80 N. Y. 422 [36 Am. Rep. 634]; *Calkins* v. *Building & L. Assn.* 126 Cal. 531 [59 Pac. Rep. 30]; *Candee* v. *Bank,* 81 Conn. 372 [71 Atl. Rep. 551; 22 L. R. A. (N. S.) 568]; *Martin* v. *Martin,* 170 Ill. 18 [48 N. E. Rep. 694]; *Locke* v. *Loan & Tr. Co.* 140 N. Y.

Lamkin v. Robinson.

135 [35 N. E. Rep. 578]; *Stone* v. *Hackett,* 78 Mass. (12 Gray) 227; *Davis* v. *Ney,* 125 Mass. 590 [28 Am. Rep. 272]; *Green* v. *Tulane,* 52 N. J. Eq. 169 [28 Atl. Rep. 9]; *Gilman* v. *McArdle,* 99 N. Y. 451 [52 Am. Rep. 41]; *Prindle* v. *Wood,* 24 O. C. C. 74 (3 N. S. 641); *Merritt* v. *Horn,* 5 Ohio St. 307 [67 Am. Dec. 298]; *Cameron* v. *Fowler,* 5 Hill. (N. Y.) 306; *Penhall* v. *Elwin,* 1 Sm. & G. 258; *Shehy* v. *Cunningham,* 81 Ohio St. 289 [90 N. E. Rep. 805; 25 L. R. A. (N. S.) 1194]; *Lawrence* v. *McCalmont,* 43 U. S. (2 How.) 426 [11 L. Ed. 326]; *Equitable Nat. Bank* v. *Morrison,* 7 Dec. 292 (5 N. P. 290); *McAdams* v. *McAdams,* 80 Ohio St. 232 [88 N. E. Rep. 542]; *Murray* v. *Hilton,* 8 App. D. C. 282; *Knox* v. *Singmaster,* 75 Ia. 64 [39 N. W. Rep. 183]; *Berkemeyer* v. *Kellerman,* 32 Ohio St. 239 [30 Am. Rep. 577]; *Carpenter* v. *Canal Co.* 35 Ohio St. 307; *Stivens* v. *Summers,* 68 Ohio St. 421 [67 N. E. Rep. 884]; *Duhme* v. *Mehner,* 5 Dec. 107 (3 N. P. 266), affirmed, no op., *Duhme* v. *Mehner,* 65 Ohio St. 593; *Telling.* v. *Sullivan,* 32 O. C. C. 312 (14 N. S. 1); *Crawford* v. *Zeigler,* 84 Ohio St. 224 [95 N. E. Rep. 743]; *Graham* v. *Simon,* 76 Ohio St. 77 [81 N. E. Rep. 170]; *Errett* v. *Howert,* 78 Ohio St. 109 [84 N. E. Rep. 753].

**JONES, J.**

These cases are in this court on appeal from the court of common pleas and were tried together. The plaintiffs each ask for a large judgment against defendant upon claims which are similar except in amount and based upon like transactions between the two plaintiffs and their father, the defendant.

When plaintiffs were small children their mother died possessed of certificates of stock of the par value of $95,000 which had been transferred to her by defendant, without consideration and for precautionary reasons, about five years before her death which occurred in the year 1889.

After the death of the mother, the father was appointed guardian of the minor children and in the years 1896 and 1899, respectively, the plaintiffs became of age. Accounts in each case were soon filed in the probate court and were settled and approved. The former wards in each instance appeared in the probate court, receipted for the balances shown to be due them

and in writing in the presence of the judge of said court asked him to confirm the account.

It appears that the money was not, in fact, paid over to the daughters and these suits were filed in October, 1908, for its recovery. The petitions allege, also, that the defendant continued to draw and appropriate to his use the dividends on these stocks until the filing of these actions and pray for the recovery of the dividends so collected.

On June 13, 1903, the daughter, Caroline, signed an agreement authorizing her father to retain possession of her certificates of stock and to collect and use the dividends thereon as long as he lived. It also provided (Item 4) that in case of her death without issue before the death of defendant said stock was to revert to him and become his property.

On March 3, 1905, the daughter, Pearl, signed an agreement of the same purport and containing the same provisions.

The petitions allege that these agreements are void for reasons stated therein and ask that they be cancelled and annulled and that all dividends collected by defendant under their authority be adjudged to plaintiffs.

These agreements, so far as they related to the dividends, did not change the situation of the parties. They simply created in the defendant, as a legal right, that which he had been exercising by the consent and acquiescence of plaintiffs since they became of age.

This long acquiescence, in connection with their approval of his accounts as guardian, in which act on their part there seems to have been a recognition of the propriety of his having the income from said stock from the date of their mother's death, should cause a court of equity to require strong and convincing evidence sustaining, at least, one of the grounds for rescission alleged in the petition.

In meeting this requirement and in sustaining the burden of proof resting upon them plaintiffs have failed, and this, too, with respect to the settlements in the probate court 'as well as to the agreements.

It is claimed that Item 4 of said agreements is testamentary in character and void for absence or inadequacy of considera-

Lamkin v. Robinson.

tion. As said item has nothing to do with the questions in this case and can have no effect until the death of one of the plaintiffs we have deemed it unnecessary to consider the validity of "Item 4" and the decree may so recite.

The petitions are dismissed.

**Smith** and **Winch, JJ.**, concur.